IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS BOOKARD, | : |
| Plaintiff, | : |
| v. | : No. _____ |
| THE ESTEE LAUDER COMPANIES, INC., and NORTHTEC, LLC, | : |
| Defendants. | : |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE SAID
DISTRICT COURT OF THE UNITED STATES:**

Petitioners, The Estee Lauder Companies Inc. ("TELCI") and Northtec, LLC ("Northtec"), Defendants in the above-captioned action, respectfully request that this matter be transferred from the Court of Common Pleas of Pennsylvania, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania and respectfully represent as follows:

1. This civil action was filed and is now pending in the Court of Common Pleas of Philadelphia County, Case ID No. 180404491.

2. Plaintiff instituted this action in the Philadelphia County Court of Common Pleas on April 30, 2018 by means of a Complaint. *See* Exhibit A. TELCI was served with the Complaint on or around May 7, 2018. Northtec was served with the Complaint on or around May 21, 2018.

3. This Notice of Removal is timely as the notice is being filed within thirty (30) days after service on the last served Petitioner.

## GROUNDS FOR REMOVAL

4. This petition for removal is premised on 28 U.S.C. § 1441 because the action against Petitioners could originally have been filed in this Court pursuant to 28 U.S.C. § 1332, and removal is made within thirty (30) days of service of the Complaint. In accordance with 28 U.S.C. § 1332, diversity jurisdiction exists over this action because: (1) all parties are completely diverse in citizenship and (2) Plaintiff's Complaint seeks damages in excess of $50,000.00 from each Defendant for an alleged workplace amputation injury, thus, the potential verdict exceeds $75,000.00 exclusive of interest and costs. *See* Exhibit A.

### Diversity of Citizenship of the Parties Exists

5. Plaintiff and Defendants are citizens of different states. Specifically, the citizenship of the parties follows below.

6. Plaintiff resides at 2427 Fleetwing Drive, Levittown, PA 19057.

7. Petitioner, TELCI is a Delaware corporation with its principal place of business in New York.

8. Northtec is a Limited Liability Company. The citizenship of an LLC is determined by the citizenship of its members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010). Where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of members there may be to determine the citizenship of the LLC. *Id.* Northtec's members are Clinique Services LLC ("Clinique Services") and ELC Beauty LLC ("ELC Beauty"). ELC Beauty's member is TELCI, which is incorporated in Delaware with a principal place of business in New York. Clinique

2

Services' member is Clinique Laboratories LLC whose member is Estee Lauder Inc. ("ELI"). ELI is a Delaware corporation with a principal place of business in New York.

### The Amount in Controversy Exceeds $75,000.00
### Exclusive of Interest and Costs

9. Plaintiff seeks damages as a result of an alleged amputation workplace injury sustained on May 21, 2016. *See* Exhibit A at ¶ 11-14.

10. As a result of the workplace accident, Plaintiff sustained the loss of three (3) fingers, underwent surgical repair and physical therapy. Plaintiff's Complaint alleges that she has sustained scars, deformity, embarrassment, pain, discomfort and requires assistance in day-to-day activities. *See* Exhibit A at par. 16.

11. Plaintiff's Complaint seeks damages in excess of $50,000.00 from each Defendant, thus, the potential total verdict whether individually or combined reasonably exceeds $75,000.00. *See* Exhibit A.

### Removal Is Timely

12. Under 28 U.S.C. § 1446, "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal."

13. Petitioners timely filed this Notice of Removal within thirty (30) days of Plaintiff's service of the Complaint.

### Non-Waiver of Defenses

14. Nothing in this Notice of Removal or documents annexed hereto shall be interpreted as a waiver or relinquishment of the rights of Petitioners to assert any defense or

3

affirmative defense in this civil action. *See, e.g.*, Fed. R. Civ. P. 81(c). *See also, Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 615 (E.D. Pa. 2011).

### Copies of all Process, Pleadings & Orders Attached

15. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Petitioners in this civil action have been filed together with this Notice of Removal. *See* Exhibit A.

### Notice Given to Plaintiff

16. Contemporaneous with the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), a copy of same has been served upon Plaintiff, through his counsel of record; and a Praecipe of Filing of Notice of Removal will be filed with the Office of Judicial Records of the Court of Common Pleas for Philadelphia County and will be served upon all counsel of record.

### CONCLUSION

17. Removal of this action is proper because: (1) complete diversity of citizenship exists and (2) the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

**WHEREFORE**, Petitioners respectfully request that this action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**LITTLETON PARK**
**JOYCE UGHETTA & KELLY LLP**

By: _____
C. Scott Toomey, Esquire
Daniel J. Kain, Esquire
*Attorneys for Defendants,*
*The Estee Lauder Companies Inc.*
*and Northtec, LLC*

Dated: June 8, 2018

## CERTIFICATE OF SERVICE

I, Daniel J. Kain, Esquire, hereby certify that I caused a true and correct copy of the foregoing Notice of Removal to be served on all counsel of record via regular mail.

Respectfully submitted,

**LITTLETON PARK**
**JOYCE UGHETTA & KELLY LLP**

By: _____
C. Scott Toomey, Esquire
Daniel J. Kain, Esquire
*Attorneys for Defendants,*
*The Estee Lauder Companies Inc.*
*and Northtec, LLC*

Dated: June 8, 2018

# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
APRIL 2018
E-Filing Number: 1804068678
004491

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>ALEXIS BOOKARD | **DEFENDANT'S NAME**<br>THE ESTEE LAUDER COMPANIES, INC. |
| **PLAINTIFF'S ADDRESS**<br>2427 FLEETWING DRIVE<br>LEVITTOWN PA 19057 | **DEFENDANT'S ADDRESS**<br>767 FIFTH AVENUE<br>NEW YORK NY 10153 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>NORTHTEC, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>200 CROSSING DRIVE<br>BRISTOL PA 19007 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

**TOTAL NUMBER OF PLAINTIFFS:** 1
**TOTAL NUMBER OF DEFENDANTS:** 2

**COMMENCEMENT OF ACTION**
[X] Complaint  [ ] Petition Action  [ ] Notice of Appeal
[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration    [ ] Mass Tort         [ ] Commerce          [ ] Settlement
[X] Jury           [ ] Savings Action    [ ] Minor Court Appeal [ ] Minors
[ ] Non-Jury       [ ] Petition          [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
APR 30 2018
C. FORTE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALEXIS BOOKARD
Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**<br>JESSE M. COHEN | **ADDRESS**<br>SACKS WESTON DIAMOND LLC<br>1845 WALNUT STREET<br>SUITE 1600<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER**<br>(215) 925-8200 | **FAX NUMBER**<br>(267) 639-5422 |
| **SUPREME COURT IDENTIFICATION NO.**<br>93020 | **E-MAIL ADDRESS**<br>jcohen@sackswestondiamond.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>JESSE COHEN | **DATE SUBMITTED**<br>Monday, April 30, 2018, 10:33 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SACKS WESTON DIAMOND, LLC**
BY: JESSE M. COHEN, ESQUIRE
ID No. 93020
SCOTT E. DIAMOND, ESQUIRE
ID No. 44449
1845 Walnut Street - Suite 1600
Philadelphia, PA 19103
P: (215) 925-8200 / F: (267) 639-5422
jcohen@sackswestondiamond.com
sdiamond@sackswestondiamond.com

ATTORNEYS FOR PLAINTIFF.
THIS IS NOT AN ARBITRATION
MATTER. JURY TRIAL
DEMANDED.

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### PHILADELPHIA COUNTY COURT OF COMMON PLEAS
### CIVIL DIVISION

| | |
|---|---|
| **ALEXIS BOOKARD**<br>**2427 Fleetwing Drive**<br>**Levittown, PA 19057**<br><br>Plaintiff,<br><br>v.<br><br>**THE ESTÉE LAUDER COMPANIES, INC.**<br>**767 Fifth Avenue**<br>**New York, NY 10153**<br><br>and<br><br>**NORTHTEC, LLC**<br>**200 Crossing Drive**<br>**Bristol, PA 19007**<br><br>Defendants. | NO. |

### CIVIL ACTION - COMPLAINT

Plaintiff, Alexis Bookard, by and through her counsel, Sacks Weston Diamond, LLC, hereby alleges by way of Complaint against Defendants as follows:

### PARTIES

1. Plaintiff, Alexis Bookard (hereinafter "Bookard"), is an adult individual residing at 2427 Fleetwing Drive, Levittown, Pennsylvania.

Case ID: 180404491

2. At all times relevant herein, Bookard was a temporary worker with Manpower Temporary Services assigned to a shipping facility located at 200 Crossing Drive, Bristol, Pennsylvania (hereinafter "the Subject Property").

3. The work performed by Bookard was not part of the regular business of the defendants.

4. Defendant, The Estee Lauder Companies, Inc. (hereinafter "Estee Lauder"), is a Delaware corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 767 Fifth Avenue, New York, New York.

5. At all times relevant herein, Estee Lauder leased, occupied, owned, controlled, managed, and operated the Subject Property and a Pack Tiger Paper Cushioning System Machine (hereinafter "the Pack Tiger") located within the Subject Property.

6. The principal business of Estee Lauder is the manufacturing and sale of cosmetic products.

7. Defendant, Northtec LLC (hereinafter "Northtec"), is a New York corporation with a principal place of business at 200 Crossing Drive, Bristol, Pennsylvania, and which regularly and systematically transacts business within the Commonwealth of Pennsylvania, and within the City and County of Philadelphia.

8. At all times relevant herein, Northtec leased, occupied, owned, controlled, managed, and operated the Subject Property and a Pack Tiger Paper Cushioning System Machine (hereinafter "the Pack Tiger") located within the Subject Property.

9. The principal business of Northtec, LLC is the manufacturing and sale of cosmetic products.

10. The Pack Tiger (pictured below) creates custom-length paper pads, which can be used in a variety of packaging techniques, including cushioning, blocking and bracing.



## FACTUAL BACKGROUND

11. On or about May 21, 2016, Bookard was in the course and scope of her employment with Manpower Temporary Service and lawfully present on the business premises of Defendants.

12. On or about May 21, 2016, Bookard attempted to assist a co-worker and change the paper roll on the Pack Tiger machine.

13. Whilst doing so, her hand came in contact with the portion of the machine where a guillotine cuts the paper roll (depicted below).

 

14. As a result, three (3) of Bookard's fingers were severed by the guillotine mechanism of the Pack Tiger.

Case ID: 180404491

15. As a result, Bookard sustained serious injuries, including a traumatic amputation of her three (3) fingers; the index, middle, and ring fingers of her right hand, and has been caused to undergo various surgeries, medical procedures, and physical therapy.

16. As a result of the accident, Bookard was left with significant scars and permanent deformity, which causes her everyday embarrassment, pain, and discomfort in performing her everyday routine actions, as well as requiring assistance in executing basic day-to-day tasks.

## COUNT I – NEGLIGENCE
## BOOKARD v. ESTEE LAUDER

17. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

18. The above-described accident resulted from the negligence and carelessness of Estee Lauder.

19. Estee Lauder had a duty to persons, such as Bookard, to exercise due care in their maintenance, use, and upkeep of the Subject Property and of the Pack Tiger so as to avoid causing accidents, injuries, and other damages.

20. The accident of May 21, 2016, and the resultant damages was caused by the negligence and negligent acts and/or omissions of Estee Lauder by and through its agents, representatives, workman, sub-contractors, and/or employees acting within the course and scope of their employment generally and as follows:

    a) Failing to provide a safe work environment at the Subject Property;

    b) Failing to provide warnings regarding the potential for a laceration hazard while utilizing the Pack Tiger;

    c) Failing to properly train and/or educate users how to properly and safely operate the Pack Tiger;

    d) Failing to properly oversee and/or supervise users in the operation of the Pack Tiger; and

      e) Such other careless and negligent conduct, acts, and/or omissions as may be revealed in discovery.

21. By virtue of the above-referenced conduct, acts and/or omissions, Estee Lauder breached its duty of care to Bookard.

22. The accident of May 21, 2016, was a direct and proximate result of the Defendant's careless and negligent conduct, acts and/or omissions as averred above.

23. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Estee Lauder in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE
## BOOKARD v. NORTHTEC

24. Bookard incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

25. The above-described accident resulted from the negligence, carelessness, and recklessness of Northtec.

26. Northtec had a duty to persons, such as Bookard, to exercise due care in their maintenance, use, and upkeep of the Subject Property and of the Pack Tiger so as to avoid causing accidents, injuries, and other damages.

27. The accident of May 21, 2016, and the resultant damages was caused by the negligence and negligent acts and/or omissions of Northtec by and through its agents, representatives, workman, sub-contractors, and/or employees acting within the course and scope of their employment generally and as follows:

a) Failing to provide a safe work environment at the Subject Property;

b) Failing to provide warnings regarding the potential for a laceration hazard while utilizing the Pack Tiger;

c) Failing to properly train and/or educate users how to properly and safely operate the Pack Tiger;

d) Failing to properly oversee and/or supervise users in the operation of the Pack Tiger; and

e) Such other careless and negligent conduct, acts, and/or omissions as may be revealed in discovery.

28. By virtue of the above-referenced conduct, acts and/or omissions, Northtec breached its duty of care to Bookard.

29. The accident of May 21, 2016, was a direct and proximate result of the Northtec's careless and negligent conduct, acts and/or omissions as averred above.

30. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Northtec in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

                                                    Respectfully submitted,
                                                    **SACKS WESTON DIAMOND, LLC**

Dated: April 30, 2018          BY:    */s/ Jesse M. Cohen*
                                                            JESSE M. COHEN, ESQUIRE
                                                            SCOTT E. DIAMOND, ESQUIRE
                                                            jcohen@sackswestondiamond.com
                                                            sdiamond@sackswestondiamond.com
                                                            *Attorneys for Plaintiff*

Case ID: 180404491

## VERIFICATION

I, Alexis Bookard, am the Plaintiff in the within action. I hereby verify that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in the said Complaint are made subject to the penalties of Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
ALEXIS BOOKARD

Dated: 3/14/17

Case ID: 180404491