UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 25 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

-------------------------------------------------------------- x
:
ALEXIS BOOKARD,                                                :
:
             Plaintiff,                                :
vs.                                                            :   Civil Action No.: 2:18-cv-02424-JS
:
THE ESTEE LAUDER COMPANIES, INC. and                           :
NORTHTEC, LLC,                                                 :   JURY TRIAL DEMANDED
:
             Defendants.                              :
-------------------------------------------------------------- x

## CONSOLIDATION STIPULATION OF PLAINTIFF, NORTHTEC, LLC, THE ESTEE LAUDER COMPANIES INC. AND SEALED AIR CORPORATION

    1.    It has been alleged in the original Complaint that on May 21, 2016, Alexis Bookard sustained amputation injuries to the middle, ring and index fingers on her right hand while using a 2009 PackTiger dunnage machine manufactured by Sealed Air Corporation ("Sealed Air"). The incident occurred at approximately 1:30 p.m. at the Northtec, LLC ("Northtec") distribution center located at 200 Crossings Drive, Bristol, PA ("PADC 2"). Manpower, Inc. ("Manpower"), a temporary employee staffing company, hired Ms. Bookard in March, 2015 to work at Northtec's PADC 2 facility. While discovery has yet to begin and fact investigation remains ongoing, it is believed that Veritiv Corporation ("Veritiv") distributed the PackTiger dunnage machine to Northtec.

    2.    Plaintiff filed suit against Sealed Air and Estee Lauder Services, Inc. ("ELSI") in the Philadelphia County Court of Common Pleas on March 20, 2018. *See* Dkt. 2:18-cv-0174-JS at No. 1, Exhibit A. In the Complaint, Plaintiff asserts, *inter alia,* strict product liability claims against Sealed Air.. *Id.* Plaintiff makes general liability negligence claims against ELSI, asserting *inter alia* that ELSI negligently trained Plaintiff and failed to properly oversee her

work. *Id.* Counsel for Sealed Air timely removed the case to the Eastern District of Pennsylvania. *See* Dkt. 2:18-cv-01724-JS at No. 1. In its removal petition, Sealed Air states that ELSI dissolved in 2001 and is thus incapable of being sued. *Id.* at par. 5-6; Exhibit B.

3. After Sealed Air removed its case to federal court, Plaintiff filed a separate action in the Philadelphia County Court of Common Pleas on April 30, 2018. *See* Dkt. 2:18-cv-02424-JS at No. 1, Exhibit A. In its second lawsuit, Plaintiff names The Estee Lauder Companies Inc. ("TELCI") and Northtec as Defendants. *Id.* The April 30, 2018 Complaint seeks relief arising out of the same May 21, 2016 workplace incident at issue in the March 20, 2018 Complaint. *Id.* The general liability allegations asserted against TELCI and Northtec in Plaintiff's April 30, 2018 Complaint are substantially similar, if not identical, to the allegations asserted against ELSI in Plaintiff's March 20, 2018 Complaint. Northtec and TELCI timely removed their case to this Court. *See* Dkt. 2:18-cv-02424-JS at No. 1. In their removal papers and per Local Rule 40.1(b)(3)(A), Northtec and TELCI identified their case as "related" to the 2:18-cv-0174-JS matter.

4. After the removal of the two (2) related matters to federal court, Plaintiff's counsel filed a motion to consolidate the cases. *See* Dkt. 2:18-cv-02424-JS at No. 6. Defendants TELCI and Northtec filed a response to Plaintiff's motion. *See* Dkt. 2:18-cv-02424-JS at No. 8.

5. The Court held a telephonic conference with counsel on September 6, 2018 to discuss the parties' briefing. The Court recommended that counsel stipulate to the filing of amended complaint addressing the desire of the parties to have both actions consolidated for all purposes. ). Specifically, the parties wish to consolidate the two (2) related matters for all purposes into the lead case of 2:18-cv-02424-JS and close the case of 2:18-cv-01724-JS. Plaintiff will file an Amended Complaint in the matter of 2:18-cv-02424-JS that includes all

claims against all Defendants. The Amended Complaint will **not** identify ELSI as a Defendant is it is incapable of being sued due to its dissolved status.[1] The Amended Complaint must be filed within (20) days after the Court's entry of this stipulation. The Amended Complaint shall relate back to the date of filing of the original Complaint in the lead case of 2:18-cv-02424-JS consistent with Federal Rule of Civil Procedure 15. The defendants agree that the Amended Complaint shall be deemed timely filed and not beyond the statute of limitations.

6. Accordingly, it is hereby stipulated by the parties that the case of 2:18-cv-01724-JS shall be consolidated for all purposes into the lead case of 2:18-cv-02424-JS, that the case of 2:18-cv-01724-JS shall be closed and that the Plaintiff shall file an Amended Complaint in the case of 2:18-cv-02424-JS that includes claims against all existing Defendants besides ELSI. It is further stipulated that the Amended Complaint will be filed within (20) days after the Court's entry of this stipulation on the ECF docket.

Respectfully submitted,

**LITTLETON PARK
JOYCE UGHETTA & KELLY LLP**

By: /s/ Daniel J. Kain, Esquire
C. Scott Toomey, Esquire
Daniel J. Kain, Esquire

*Attorneys for Defendants
Northtec, LLC and The Estee Lauder
Companies Inc.*

---

[1] The status of a corporate entity is determined in accordance with the laws of its state of incorporation. *See* Fed. R. Civ. P. 17(b)(2). ELSI was a Delaware corporation and filed its certificate of dissolution on July 2, 2001. *See* 2:18-cv-02424-JS at Dkt. No. 8, Exhibit B. Once a certificate of dissolution is filed with the Secretary of State, a Delaware corporation will be recognized as dissolved. *See* Del. C. Section 275. *See also In re Transamerica Airlines, Inc.,* 2006 WL 587846, fn. 14 (Del. Ch. Feb. 28, 2006). After a corporation is properly dissolved, it will remain a legal entity for three (3) years after its dissolution. *See* Del. C. Section 278. Upon the expiration of this three (3) year period, a corporation loses its ability to file suit and no legal suit can be brought against it. *See Terr. of the U.S. V.I. v. Goldman, Sachs & Co.,* 937 A.2d 760 (Del. Ch. 2007).

**SACKS WESTON DIAMOND, LLC**

By: /s/ Jesse M. Cohen, Esquire
    Jesse M. Cohen, Esquire
    *Attorney for Plaintiff*

**MARGOLIS EDELSTEIN**

By: /s/ Donald Davis, Esquire
    Donald Davis, Esquire
    *Attorney for Sealed Air Corporation*

SO ORDERED:

_____
Hon. Juan R. Sánchez

## CERTIFICATE OF SERVICE

I, Jesse M. Cohen, Esquire, hereby certify that I caused a true and correct copy of the enclosed document to be served on all counsel via the Court's electronic filing system on September 14, 2018.

        Respectfully submitted,

        **SACKS WESTON DIAMOND, LLC**

    By:   /s/ Jesse M. Cohen, Esquire
           Jesse M. Cohen, Esquire
           *Attorney for Plaintiff*