UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXIS BOOKARD**<br>2427 Fleetwing Drive<br>Levittown, PA 19057<br>**Plaintiff,**<br><br>v.<br><br>**SEALED AIR CORPORATION**<br>2415 Cascade Pointe Boulevard<br>Charlotte, North Carolina 28208<br><br>AND<br><br>**THE ESTÉE LAUDER COMPANIES, INC.**<br>767 Fifth Avenue<br>New York, NY 10153<br><br>AND<br><br>**NORTHTEC, LLC**<br>200 Crossing Drive<br>Bristol, PA 19007<br>**Defendants.** | CIVIL ACTION - LAW<br><br><br>NO.  2:18-cv-02424-JS<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION -  AMENDED COMPLAINT

Plaintiff, Alexis Bookard, by and through her counsel, Sacks Weston Diamond, LLC, hereby alleges by way of Amended Complaint against Defendants as follows:

## PARTIES

1. Plaintiff, Alexis Bookard (hereinafter "Bookard"), is an adult individual residing at 2427 Fleetwing Drive, Levittown, Pennsylvania.

2. At all times relevant herein, Bookard was a temporary worker with Manpower Temporary Services assigned to a shipping facility located at 200 Crossing Drive, Bristol, Pennsylvania (hereinafter "the Subject Property").

3. The work performed by Bookard was not part of the regular business of the defendants.

4. Defendant, Sealed Air Corporation (hereinafter "Sealed Air"), is a Delaware corporation with a principal place of business at 2415 Cascade Pointe Boulevard, Charlotte, North Carolina 28208, and which regularly and systematically transacts business within the Commonwealth of Pennsylvania, and within the City and County of Philadelphia.

5. At all times relevant herein, Sealed Air was in the business of manufacturing, distributing and/or selling machinery, including the Pack Tiger Paper Cushioning System Machine (hereinafter "the Pack Tiger")

6. Defendant, The Estee Lauder Companies, Inc. (hereinafter "Estee Lauder"), is a Delaware corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 767 Fifth Avenue, New York, New York.

7. At all times relevant herein, Estee Lauder leased, occupied, owned, controlled, managed, and operated the Subject Property and a Pack Tiger located within the Subject Property.

8. The principal business of Estee Lauder is the manufacturing and sale of cosmetic products.

9. Defendant, Northtec LLC (hereinafter "Northtec"), is a New York corporation with a principal place of business at 200 Crossing Drive, Bristol, Pennsylvania, and which regularly and systematically transacts business within the Commonwealth of Pennsylvania, and within the City and County of Philadelphia.

10. At all times relevant herein, Northtec leased, occupied, owned, controlled, managed, and operated the Subject Property and a Pack Tiger Paper Cushioning System Machine (hereinafter "the Pack Tiger") located within the Subject Property.

11. The principal business of Northtec, LLC is the manufacturing and sale of cosmetic products.

12. The Pack Tiger (pictured below) creates custom-length paper pads, which can be used in a variety of packaging techniques, including cushioning, blocking and bracing.



## FACTUAL BACKGROUND

13. On or about May 21, 2016, Bookard was in the course and scope of her employment with Manpower Temporary Service and lawfully present on the business premises of Defendants.

14. On or about May 21, 2016, Bookard attempted to assist a co-worker and change the paper roll on the Pack Tiger machine.

15. Whilst doing so, her hand came in contact with the portion of the machine where a guillotine cuts the paper roll (depicted below).

 

3

16. As a result, three (3) of Bookard's fingers were severed by the guillotine mechanism of the Pack Tiger.

17. As a result, Bookard sustained serious injuries, including a traumatic amputation of her three (3) fingers; the index, middle, and ring fingers of her right hand, and has been caused to undergo various surgeries, medical procedures, and physical therapy.

18. As a result of the accident, Bookard was left with significant scars and permanent deformity, which causes her everyday embarrassment, pain, and discomfort in performing her everyday routine actions, as well as requiring assistance in executing basic day-to-day tasks.

## COUNT I – NEGLIGENCE
## BOOKARD v. ESTEE LAUDER

19. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

20. The above-described accident resulted from the negligence and carelessness of Estee Lauder.

21. Estee Lauder had a duty to persons, such as Bookard, to exercise due care in their maintenance, use, and upkeep of the Subject Property and of the Pack Tiger so as to avoid causing accidents, injuries, and other damages.

22. The accident of May 21, 2016, and the resultant damages was caused by the negligence and negligent acts and/or omissions of Estee Lauder by and through its agents, representatives, workman, sub-contractors, and/or employees acting within the course and scope of their employment generally and as follows:

   a) Failing to provide a safe work environment at the Subject Property;

   b) Failing to provide warnings regarding the potential for a laceration hazard while utilizing the Pack Tiger;

   c) Failing to properly train and/or educate users how to properly and safely operate the Pack Tiger;

  d) Failing to properly oversee and/or supervise users in the operation of the Pack Tiger; and

  e) Such other careless and negligent conduct, acts, and/or omissions as may be revealed in discovery.

23. By virtue of the above-referenced conduct, acts and/or omissions, Estee Lauder breached its duty of care to Bookard.

24. The accident of May 21, 2016, was a direct and proximate result of the Defendant's careless and negligent conduct, acts and/or omissions as averred above.

25. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Estee Lauder in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## **COUNT II – NEGLIGENCE**
## **BOOKARD v. NORTHTEC**

26. Bookard incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

27. The above-described accident resulted from the negligence, carelessness, and recklessness of Northtec.

28. Northtec had a duty to persons, such as Bookard, to exercise due care in their maintenance, use, and upkeep of the Subject Property and of the Pack Tiger so as to avoid causing accidents, injuries, and other damages.

29. The accident of May 21, 2016, and the resultant damages was caused by the negligence and negligent acts and/or omissions of Northtec by and through its agents,

representatives, workman, sub-contractors, and/or employees acting within the course and scope of their employment generally and as follows:

    a)    Failing to provide a safe work environment at the Subject Property;

    b)    Failing to provide warnings regarding the potential for a laceration hazard while utilizing the Pack Tiger;

    c)    Failing to properly train and/or educate users how to properly and safely operate the Pack Tiger;

    d)    Failing to properly oversee and/or supervise users in the operation of the Pack Tiger; and

    e)    Such other careless and negligent conduct, acts, and/or omissions as may be revealed in discovery.

30. By virtue of the above-referenced conduct, acts and/or omissions, Northtec breached its duty of care to Bookard.

31. The accident of May 21, 2016, was a direct and proximate result of the Northtec's careless and negligent conduct, acts and/or omissions as averred above.

32. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Northtec in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE
## BOOKARD v. SEALED AIR

33. Bookard incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

34. The above-described accident resulted from the negligence, carelessness, and recklessness of Sealed Air.

35. Sealed Air had a duty to persons such as Bookard to exercise due care in their manufacturing, distribution and/or sale of the Pack Tiger so as to avoid causing accidents, injuries, and other damages.

36. The accident of May 21, 2016, and the resultant damages was caused by the negligence and negligent acts and/or omissions of Sealed Air by and through its agents, representatives, workman, sub-contractors, and/or employees acting within the course and scope of their employment generally and as follows:

   a) Failing to provide instructions on how to properly and safely change the paper roll within the Pack Tiger;

   b) Failing to provide warnings regarding the potential for a laceration and amputation hazard while utilizing the Pack Tiger;

   c) Failing to provide instructions on how to properly and safely operate the Pack Tiger;

   d) Failure to provide proper guards for the Pack Tiger;

   e) Failure to ensure that dangerous portions of the Pack Tiger were guarded by location;

   f) Failure to ensure that pinch points / shear points would be unable to be accessed while the Pack Tiger was/is operating;

   g) Failure to design and install interlocks on areas of the machine which could be accessed while it was operational;

   h) Such other careless and negligent conduct, acts and/or omissions as may be revealed in discovery.

37. By virtue of the above-referenced conduct, acts and/or omissions, Sealed Air breached its duty of care to Bookard.

38. The accident of May 21, 2016, was a direct and proximate result of the Sealed Air's careless and negligent conduct, acts and/or omissions as averred above.

39. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Sealed Air in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV – BREACH OF WARRANTY
## PLAINTIFF v. SEALED AIR

40. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

41. Defendant made certain implied warranties when it manufactured, assembled, designed, distributed and sold the Pack Tiger, including that it would be of merchantable quality and fit for its intended purpose.

42. Defendant breached these warranties when it manufactured, assembled, designed, distributed and sold a defective Pack Tiger, which was not of merchantable quality and was not fit for its intended purpose, all as more fully set forth herein.

43. Plaintiff relied on Sealed Air's skill, judgment and implied warranties of fitness and merchantability, as well as the other warranties made by Sealed Air, with respect to the manufacturing, assembling, designing, distribution and sale of the Pack Tiger.

44. Defendant, by and through its agents, workmen and employees, breached the above-mentioned express and/or implied warranties of fitness and merchantability by manufacturing, assembling, designing, distributing and selling a defective and dangerous Pack

Tiger, and failing to ensure that the Pack Tiger did not malfunction during the course of normal use, including, *inter alia*, failing to provide proper warnings and instructions.

45. The Pack Tiger designed, manufactured, sold, distributed or otherwise placed into the stream of commerce by defendant failed during the course of normal and foreseeable use as more fully set forth herein.

46. As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Sealed Air in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT V – STRICT LIABILITY
### PLAINTIFF v. SEALED AIR

47. Plaintiff hereby incorporates by reference each and every allegation contained in the above paragraphs as though the same were more fully set forth herein at length.

48. The Pack Tiger was unreasonably dangerous, defective and unsafe for its ordinary, foreseeable and intended use by reason of its propensity to fail during its ordinary, foreseeable and intended use, all as more fully outlined herein.

49. Defendant marketed, sold, distributed, or otherwise placed the PackTiger into the stream of commerce in an unreasonably dangerous, defective and unsafe condition, *inter alia,* by way of placing into the stream of commerce, a defective product wherein one could easily sustain serious bodily injury, due to the lack of proper guards surrounding the dangerous areas of the machine, namely the guillotine mechanism.

50. The failure of the Pack Tiger on May 7, 2017, and the losses and damages suffered by Plaintiff were the direct and proximate result of the unreasonably dangerous,

defective and unsafe condition of the Pack Tiger marketed, sold, distributed, and/or repaired and returned by Sealed Air.

51. The Pack Tiger was defective and unreasonably dangerous at the time of sale because, when used in an intended or foreseeable manner, the product presented an unknowable and unacceptable danger to the average or ordinary consumer, such as Plaintiff's insureds, all as more fully set forth herein.

52. The Pack Tiger failed the consumer expectation test in that the product did not perform as safely as an ordinary consumer, including Plaintiff, would have expected.

53. The Pack Tiger failed the risk balancing test in that a reasonable person would conclude the probability and seriousness of harm caused by the product outweighs the burden and costs of taking precautions against the harm.

54. The Pack Tiger was further defective in that it malfunctioned and failed to operate and function as intended even though it was not subject to abnormal use and there were no other reasonable secondary causes for the product's malfunction.

55. The Pack Tiger was unreasonably dangerous, defective and unsafe for its intended ordinary and foreseeable use as more fully set forth herein.

56. The Pack Tiger lacked adequate and necessary warnings and instructions regarding monitoring, use, cleaning, maintenance, testing, inspections, and care.

57. At the time of the fire loss alleged herein, the Pack Tiger was in the same condition as when it left the possession of and/or control of Sealed Air.

58. Bookard used the Pack Tiger for the purpose and in the manner intended and/or expected by Sealed Air.

59. As a direct, factual, and proximate result of the defective and unreasonably dangerous conditions and /or malfunction of the Pack Tiger, the defendant named herein is

strictly liable for the damages more fully set forth herein pursuant to the Restatement (Second) of Torts § 402A, the failure of the product to meet the consumer expectation test, the failure of the product to meet the risk benefit test, and/or the failure of the product to otherwise operate and function in a reasonably expected manner and consistent with <u>Tincher v. Omega Flex</u>, 2014 Pa. LEXIS 3031 (Pa. Nov. 19, 2014).

60.     As a direct and proximate result of the incident, Bookard sustained serious injuries, including permanent disfigurement, and a significant decrease in earning potential in an amount in excess of $50,000.00.

WHEREFORE, Bookard demands judgment in its favor and against Sealed Air in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,<br>
**SACKS WESTON DIAMOND, LLC**

Dated: October 3, 2018        BY:    */s/ Jesse M. Cohen*
                                     **JESSE M. COHEN, ESQUIRE**
                                     **SCOTT E. DIAMOND, ESQUIRE**
                                     jcohen@sackswestondiamond.com
                                     sdiamond@sackswestondiamond.com
                                     *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXIS BOOKARD**<br>            Plaintiff,<br><br>                v.<br><br>**SEALED AIR CORPORATION, and THE ESTÉE LAUDER COMPANIES, INC., and NORTHTEC, LLC**<br>            Defendants. | **CIVIL ACTION - LAW**<br><br>**NO.  2:18-cv-02424-JS**<br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF SERVICE**

I, Jesse M. Cohen, counsel for Plaintiff, hereby state that a true and correct copy of Plaintiff Alexis Bookard's Amended Complaint was served on the parties listed below via electronic filing or mailing and/or by placing a copy of same in the United States regular first-class mail, postage prepaid:

Donald Davis, Esq.  
Margolis Edelstein  
170 S. Independence Mall W., Suite 400E  
Philadelphia, PA 19106  
*Attorney for Defendant Sealed Air*

Daniel J. Kain, Esq.  
Littleton Joyce Ughetta Park & Kelly LLP  
201 King of Prussia Road, Ste. 220  
Radnor, PA 19087  
*Attorney for Defendant Estee Lauder Companies and Northtec, LLC*

*/s/Jesse M. Cohen*  
JESSE M. COHEN, ESQUIRE  
*Attorney for Plaintiff*