UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ALEXIS BOOKARD, | |
| Plaintiff, | |
| vs. | Civil Action No.: 2:18-cv-02424-JS |
| SEALED AIR CORPORATION, et al., | |
| Defendants. | **JURY TRIAL DEMANDED** |
| NORTHTEC LLC and THE ESTEE LAUDER COMPANIES INC., | |
| Third-Party Plaintiffs, | |
| vs. | |
| MANPOWER, INC., | |
| Third-Party Defendant. | |

---

**THIRD-PARTY COMPLAINT OF DEFENDANTS NORTHTEC LLC AND THE ESTEE LAUDER COMPANIES INC. AGAINST MANPOWER, INC.**

Defendants/Third-Party Plaintiffs, Northtec LLC ("Northtec") and The Estee Lauder Companies Inc. ("TELCI"), by their undersigned counsel hereby file this third-party Complaint per Fed. R. Civ. P. 14 against Third-Party Defendant Manpower, Inc. ("Manpower"). In support of their Complaint, Northtec and TECLI aver as follows:

**PARTIES**

1. Upon information and belief, Plaintiff, Alexis Bookard ("Bookard" or "Plaintiff"), is an adult individual residing at 2427 Fleetwing Drive, Levittown, Pennsylvania. *See* Exhibit C.

2. Upon information and belief, Defendant, Sealed Air Corporation ("Sealed Air"), is a Delaware corporation with a principal place of business at 2415 Cascade Point Boulevard, Charlotte, North Carolina. *See* Dkt. 1.

3. Defendant/Third-Party Plaintiff, TELCI, is a Delaware corporation with a principal place of business in New York, New York.

4. Defendant/Third-Party Plaintiff, Northtec, is a Limited Liability Company. Northtec's members are Clinique Services LLC ("Clinique Services") and ELC Beauty LLC ("ELC Beauty"). ELC Beauty's member is TELCI which is a Delaware corporation with a principal place of business in New York, New York. Clinique Services' member is Clinique Laboratories LLC whose member is Estee Lauder Inc. ("ELI"). ELI is a Delaware corporation with a principal place of business in New York, New York.

5. Upon information and belief, Third-Party Defendant, Manpower, is a Wisconsin corporation with a principal place of business in Milwaukee, Wisconsin.

## JURISDICTION

6. Original jurisdiction in this matter was based on diversity jurisdiction per 28 U.S.C. § 1332. *See* Dkt. 1. Diversity jurisdiction still exists with the addition of Third-Party Defendant Manpower.

7. This court has in personam jurisdiction over Third-Party Defendant as Manpower regularly conducts business within the Commonwealth of Pennsylvania and because of Manpower's contacts with Pennsylvania as set forth in this third-party Complaint.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

8.   Plaintiff filed the operative Complaint on October 13, 2018 against Defendants Sealed Air, Northtec and TELCI alleging that she sustained personal injuries arising out of a workplace accident.  *See* Exhibit C.

9.   In her Complaint, Plaintiff alleges that on May 21, 2016, she sustained amputation injuries to the middle, ring and index fingers on her right hand after she attempted to clear a paper jam in a PackTiger dunnage machine manufactured by Sealed Air.  The incident occurred at the Northtec distribution center located in Bristol, PA.  *See* Exhibit C.

10.   Plaintiff asserts a set of strict product liability claims against Sealed Air sounding primarily in design and warning defect.  *See* Exhibit C.

11.   Plaintiff makes general liability negligence claims against Northtec and TELCI asserting that Northtec and TELCI negligently trained Plaintiff and failed to properly oversee her work.  *See* Exhibit C.

**STAFFING SERVICES AGREEMENT**

12.   Manpower, a temporary employee staffing company with an office at 1801 Market Street, Philadelphia, PA, hired Plaintiff in March, 2015 to serve as an assembler at Northtec's PADC 2 facility in Bristol, PA.

13.   Before Manpower hired Plaintiff and before the subject accident, Manpower entered into a Staffing Services Agreement ("SSA") with ELC Management, LLC, a subsidiary of TELCI and affiliate of Northtec.  *See* Exhibit A.

14.   The terms and conditions of the SSA apply to all parents, subsidiaries and affiliates of ELC Management, LLC, including Northtec and TELCI.  Section 7(a) of the SSA states in relevant part:

> [E]ach party shall indemnify, defend, and hold harmless the other party and its parents, subsidiaries and affiliates . . . from and against its proportionate share of any and all claims, demands, losses, liabilities, damages, expenses (including reasonable attorney fees) and causes of action (hereinafter "Claims") for . . . bodily injury to, or death of, any person, including without limitation the employees, agents, contractors, licensees, and invitees of the party being indemnified . . . to the extent such Claims are caused by or result from the negligence, gross negligence, recklessness or willful misconduct of the indemnifying party . . . in the performance of Services or obligations defined in this Agreement.

*See* Exhibit A at Section 7(a).

15. The SSA also requires Manpower to obtain and maintain Comprehensive General Liability Insurance coverage. *See* Exhibit A at Section 8.

## PLAINTIFF'S DEPOSITION TESTIMONY

16. Plaintiff testified at deposition on January 9, 2019 that Manpower provided her with all training pertaining to the subject PackTiger dunnage machine at Northtec's PADC 2 facility.

```
 7  Q.  In relation to your
 8  accident, can you give us your best
 9  estimate as to how long before your
10  accident you first received training on
11  the paper machine?
12      A.  A few months before.
13      Q.  And was that also training
14  by someone from Manpower?
15      A.  Yes.
```

*See* Exhibit B at pp. 48.

17. She also confirmed at deposition that Northtec and TELCI did not have any involvement in her training on the PackTiger dunnage machine.

```
16      Q.  Did anyone from Estee Lauder
17  Northtec provide you any training on the
18  use or operation of the paper machine?
19      A.  No.
```

*See* Exhibit B at pp. 48.

4

18. Manpower provided Plaintiff with no written materials of any kind regarding her use of the PackTiger.  *See* Exhibit B at p. 49.

19. Manpower workers trained Plaintiff to clear jams in the subject product by sticking her hand *and* arm into the product chute, despite the express warnings to the contrary provided in the product manual and on the product.  *See* Exhibit B at p. 131 and photograph number 21 below.



Photo #21 – Close-up of right side discharge chute with danger label.

**TENDER OF CONTRACTUAL DEFENSE ADDRESSED TO MANPOWER**

20. Shortly after Plaintiff's deposition, Northtec and TELCI formally sought a contractual defense from Manpower per the express terms of the SSA.  *See* Exhibit D.

21. While Manpower's representatives confirmed receipt of Northtec and TELCI's contractual defense tender, Manpower has failed to provide a defense to TELCI and Northtec per its express duties and obligations under the SSA.

**COUNT I –CONTRACTUAL DEFENSE AND INDEMNITY**

22. Defendants/Third-Party Plaintiffs incorporate by reference all preceding paragraphs of this third-party Complaint.

23. Per the express terms of the SSA, Manpower is contractually obligated to indemnify, defend and hold harmless TELCI and Northtec from and against Manpower's proportionate share of all claims for bodily injury to any person to the extent such claims are caused by or result from the negligence, gross negligence or recklessness of Manpower in the performance of Manpower's services and obligations defined in the SSA.  *See* Exhibit A at Section 7(a).

24. To the extent Plaintiff's negligence claims contained in the Complaint are proven to be true at trial, said claims resulted from the negligence, gross negligence and recklessness of Manpower as hereinabove described.  For the foregoing reasons, Manpower is liable over to TELCI and Northtec for the amount of any verdict or judgment recovered by Plaintiff against TELCI and Northtec, including attorneys' fees and costs per the terms of the SSA.

WHEREFORE, Defendants/Third Party Plaintiffs TELCI and Northtec demand judgment in their favor and against Manpower, together with interest, costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

## **COUNT II – BREACH OF CONTRACT AGAINST MANPOWER**

25. Defendants/Third-Party Plaintiffs incorporate by reference all preceding paragraphs of this third-party Complaint.

26. The SSA imposes a duty on Manpower to defend and hold harmless Northtec and TELCI from and against Manpower's proportionate share of all claims, demands, losses, liabilities, damages, expenses (*including reasonable attorney fees*) and causes of action for bodily injury to any person to the extent such claims are caused by or result from the negligence, gross negligence or recklessness of Manpower in the performance of Manpower's services and obligations defined in the SSA.  *See* Exhibit A at Section 7(a).

27. Manpower provided Plaintiff with *all* training pertaining to the subject PackTiger dunnage machine. *See* Exhibit B at pp. 48.

28. Northtec and TELCI did not have *any* involvement in her training on the PackTiger dunnage machine. *See* Exhibit B at pp. 48.

29. Manpower negligently trained Bookard regarding her use of the PackTiger dunnage machine as Manpower provided Plaintiff with no written materials of any kind regarding proper use of the product. *See* Exhibit B at p. 49.

30. Manpower's training was also negligent, grossly negligent and reckless as Manpower's workers trained Plaintiff to clear jams in the subject product by sticking her hand *and* arm into the product chute, despite the express warnings to the contrary provided in the product manual and on the product. *See* Exhibit B at p. 131 and photograph number 21 above.

31. Thus, Manpower owes a contractual duty to defend and hold TELCI and Northtec harmless against Bookard's claims in this case as Bookard's injuries were caused by and result from the negligence, gross negligence and recklessness of Manpower in the performance of Manpower's services and obligations defined in the SSA. *See* Exhibit A at Section 7(a).

32. Manpower breached its contractual duty to defend TELCI and Northtec by failing to promptly provide a contractual defense to TELCI and Northtec per the terms of the SSA.

33. As a result of Manpower's breach of contract, TELCI and Northtec have sustained damages in the form of fees and costs incurred in defending this lawsuit. The damages of TELCI and Northtec are ongoing and continue to accrue.

WHEREFORE, Defendants/Third-Party Plaintiffs TELCI and Northtec demand judgment in their favor and against Manpower, together with interest, costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

Respectfully submitted,

**LITTLETON PARK
 JOYCE UGHETTA & KELLY LLP**

By:  /s/ Daniel J. Kain, Esquire
     C. Scott Toomey, Esquire
     Daniel J. Kain, Esquire

*Attorneys for Defendants
Northtec LLC and The Estee Lauder
Companies Inc.*

Dated:  March 21, 2019

## CERTIFICATE OF SERVICE

    I, Daniel J. Kain, Esquire, hereby certify that on this date I caused a true and correct copy of the enclosed document to be served on all counsel of record via the Court's electronic filing system and via FedEx to the following:

Mark Lockett<br>
Bonner Kiernan Trebach & Crociata LLP<br>
Ten Penn Center, Suite 770<br>
1801 Market Street<br>
Philadelphia, PA 19103-1606

                    Respectfully submitted,

                    **LITTLETON PARK**
                        **JOYCE UGHETTA & KELLY LLP**

                    By: /s/ Daniel J. Kain, Esquire
                        C. Scott Toomey, Esquire
                        Daniel J. Kain, Esquire

                    *Attorneys for Defendants*
                    *Northtec LLC and The Estee Lauder*
                    *Companies Inc.*

Dated: March 21, 2019